UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL PLAIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **24-630-EWD** |
| **AMERICAN MODERN HOME INSURANCE COMPANY** | **CONSENT** |

**RULING AND ORDER**

Before the Court is the Rule 12(b)(5) Motion to Dismiss for Failure to Effect Service ("Motion"),[1] filed by American Modern Home Insurance Company ("Defendant"). Kendall Plain ("Plaintiff") opposes the Motion.[2] Oral argument is not necessary. After carefully reviewing the memoranda, evidence, and applicable law, this case will be dismissed without prejudice because Plaintiff failed to timely serve his Plaintiff's Original Petition and Demand for Jury Trial on Defendant.[3]

**I.     BACKGROUND**

This case involves an insurance coverage dispute for damages allegedly arising out of Hurricane Ida. Plaintiff originally filed suit in Louisiana state court.[4] Defendant removed the case to this Court on August 2, 2024, alleging diversity subject matter jurisdiction.[5] Shortly after the case was removed, Defendant filed the Motion requesting dismissal of the case for failure to serve

---

[1] R. Doc. 9.

[2] R. Doc. 10.

[3] This case was assigned to the undersigned for entry of final judgment. R. Docs. 7, 8, 11.

[4] R. Doc. 1-2, pp. 1-16.

[5] R. Doc. 1, ¶ 3. The Notice of Removal alleges that Kendall Plain is domiciled in Louisiana; that Defendant is incorporated and has its principal place of business in Ohio; and that the amount in controversy is met by the $60,000 policy limits plus demand for penalties and attorney's fees under the Louisiana Insurance Code. R. Doc. 1, ¶¶ 5, 6-8.

within ninety (90) days after the Petition was filed.[6] Plaintiff timely opposed the Motion, arguing that requesting service when the Petition was filed was sufficient to meet the requirements of La. Code Civ. P. art. 1201(C).[7] On September 4, 2024, the Court issued an Order requiring the parties to provide evidence of whether Plaintiff paid the requisite service fee, and, if so, when.[8] Defendant responded to the Order by filing a Reply Memorandum with evidence that Plaintiff did not timely deposit sufficient amounts to pay for service in state court.[9] Plaintiff did not respond to the Court's Order or to Defendant's Reply.

## II. LAW AND ANALYSIS

### A. Applicable Legal Standards

A motion to dismiss pursuant to Rule 12(b)(5) challenges the legal sufficiency of service of process. The party making service has the burden of demonstrating its validity when an objection to service is made.[10] A district court looks to state law to determine whether service was properly made before removal.[11]

The Louisiana Code of Civil Procedure requires that a plaintiff request service of the citation on all named defendants within ninety (90) days of commencement of the action.[12] If service is not requested within the time period provided by La. Code Civ. P. art. 1201(C), La. Code

---

[6] R. Doc. 9.

[7] R. Doc. 10.

[8] R. Doc. 12.

[9] R. Doc. 13.

[10] *Quinn v. Miller*, 470 Fed.Appx. 321, 323 (5th Cir. 2012), citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992).

[11] *Perez v. L-3 Communications Corp.*, No. 06-22, 2006 WL 1788182, at *2 (W.D. Tex. June 26, 2006) ("The adequacy of service of process effectuated prior to removal is governed by the law of the state in which the action was originally filed."), citing *Freight Terminals Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir.1972); *see also*, *McKinley v. Sanderson Farms, Inc.*, No. 06-44, 2006 WL 901831, at *1 (E.D. La. April 6, 2006) (accord; citations omitted).

[12] La. Code Civ. P. art. 1201(c).

Civ. P. art. 1672(C) mandates that the action be dismissed without prejudice, "unless good cause is shown why service could not be requested." While "good cause" is not defined in art. 1672(C), confusion, inadvertence, or mistake in requesting service is not good cause.[13]

### B. Plaintiff Failed to Timely Request Service

Plaintiff filed his Petition on August 25, 2023;[14] however, Defendant says that it was not served until July 11, 2024—almost eleven (11) months later.[15] In response, Plaintiff argues that service must only be "requested," which he did by including the following at the end of the Petition:

> PLEASE SERVE:
>
> **AMERICAN MODERN INSURANCE COMPANY**
> THROUGH ITS REGISTERED AGENT FOR SERVICE
>
> LA SECRETARY OF STATE
> 8585 ARCHIVES AVENUE
> BATON ROUGE, LA 70809[16]

However, merely requesting service is not enough. Instead, under Louisiana law to request service within the meaning of La. Code Civ. P. art. 1201(C) requires a request for service *and* payment of the required fees or an order granting pauper status.[17] In its Reply, Defendant argues that Plaintiff did not adequately request service because he did not timely pay the required fees. In support, Defendant provides the following evidence:

---

[13] *Norbert v. Loucks*, 01–1229 (La. 6/29/01), 791 So.2d 1283, 1285 ("mere confusion regarding a party's correct name or inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause") (citations omitted); *Lewis v. Spence*, 00–0648 (La.App. 3 Cir. 11/02/00), 772 So.2d 354 (affirming dismissal and finding no good cause in plaintiff's counsel's error); *Anderson v. Norfolk Southern Railroad Co.*, 02–230 (La.App. 4 Cir. 3/27/02), 814 So.2d 659, 663-64 (affirming dismissal upon finding that plaintiff's counsel's inadvertence in failing to timely effect service was not good cause).

[14] R. Doc. 1-2, p. 1 (showing that Plaintiff e-filed the lawsuit on August 25, 2023 at 4:33 PM).

[15] R. Doc. 9-1, p. 3; *see also*, R. Doc. 1-3, p. 2 (showing service on Nancy Landry, Louisiana Secretary of State, on July 11, 2024).

[16] R. Doc. 10, p. 3, citing R. Doc. 1-2, p. 15.

[17] *See Miller v. Hirstius*, 2022-0740 (La.App. 1 Cir. 3/15/23), 363 So.3d 532, 540, citing *Methvien v. Our Lady of the Lake*, 2020-1081 (La.App. 1 Cir. 4/16/21), 318 So.3d 329, 332.

- Plaintiff's Petition was fax-filed on August 25, 2023 in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana;[18]

- On August 28, 2023, Plaintiff paid an advance deposit of $589.00;[19]

- On August 30, 2023, the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana notified Plaintiff that his Petition had been received but could not be processed due to lack of funds. Plaintiff was further notified that the amount owed was $100.00;[20]

- Not having received the additional funds owed, the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana notified Plaintiff on November 15, 2023, that the Petition was not served because of insufficient deposit amounts in the account. Plaintiff was again notified that the amount owed was $100.00;[21]

- According to the suit ledger submitted by Defendant, Plaintiff did not pay any additional amounts until March 28, 2024, when he paid $88.00, and April 9, 2024, when he paid an additional $25.44;[22]

- On July 11, 2024, nearly eleven months after the Petition was filed, the Louisiana Secretary of State was served with the Petition.[23]

This evidence establishes that Plaintiff did not request service under La. Code Civ. P. art. 1201(C) within ninety (90) days of filing suit because he did not pay the associated fees in that time period.[24] *Miller v. Hirstius*[25] is instructive. There, the Louisiana First Circuit Court of Appeal affirmed a trial court judgment dismissing the plaintiffs' claims under La. Code Civ. P. art. 1672(C)

---

[18] R. Doc. 1-2, p. 1.

[19] R. Doc. 13-2, p. 2 (Suit Ledger from East Baton Rouge Parish).

[20] R. Doc. 13-2, p. 1. The notification was correspondence addressed to Kendall Plain, 1738 Wooddale Boulevard Baton Rouge, LA 70806. R. Doc. 13-3, p. 1. Mr. Plain, a licensed attorney, filed the lawsuit on his own behalf. R. Doc. 1-2, p. 15.

[21] R. Doc. 13-3, p. 2.

[22] R. Doc. 13-2, p. 2.

[23] R. Doc. 1-3, p. 2. This is the only service information in the record.

[24] Plaintiff does not allege that he sought pauper status, and there is no order granting Plaintiff pauper status. Since he ultimately paid the fees associated with service, pauper status is unlikely.

[25] *See* n.17, *supra*.

for failure to timely serve. The plaintiffs in *Miller* fax filed their lawsuit. The same day, the plaintiffs received notice from the clerk of court that $535.00 was due within seven days, exclusive of legal holidays. The Plaintiff timely paid the $535.00 and received a receipt from the clerk of court acknowledging payment. About a month later, the sheriff emailed a letter to a private email address that purportedly belonged to the plaintiffs' counsel with a letter attached that stated additional fees were owed to the sheriff. Within the 90-day service period, the sheriff sent another letter to the plaintiffs' counsel's private email address again stating that additional fees were due. 94 days after the plaintiffs requested service, the sheriff returned the citations to the clerk of court with a notation that there were insufficient funds to process.[26] The trial court sustained the defendants' exception of insufficiency of service of process, which was affirmed by the First Circuit. The First Circuit found that, although it was uncertain whether the plaintiffs' counsel actually received the email correspondence from the sheriff indicating that fees were still owing, because the burden is on the party with the obligation to serve to show good cause, that question is resolved against finding good cause.[27]

Here, like *Miller*, the only evidence before the Court is that Defendant was not served until July 11, 2024, almost eleven (11) months after suit was filed. Plaintiff, a licensed attorney, who was representing himself at the time, was sent correspondence twice within the 90-day service period informing him that outstanding amounts needed to be paid for the lawsuit to be served. By the time Plaintiff finally took action to pay the outstanding fees, it was too late.

Under La. Code Civ. P. art. 1672(C), when service is not timely effected, the case must be dismissed without prejudice, "unless good cause is shown why service could not be requested."

---

[26] *Miller*, 363 So.3d at 535-36.

[27] *Miller*, 363 So.3d at 542-43.

5

Plaintiff does not meet this standard. In fact, Plaintiff does not explain at all why service was not timely requested based on his failure to fully pay the required fees, arguing instead that he believes all that was necessary was the stated request for service at the bottom of the Petition. However, for the reasons explained, a mere request without full payment of the associated fees is insufficient to comply with La. Code Civ. P. art. 1201(c).

### III. CONCLUSION

Because service of process in this case occurred before removal, this Court must look to Louisiana law to determine whether service of process was sufficient. To comply with La. Code Civ. P. art. 1201(c) a plaintiff must not only request service, but must also pay the required fees, within the 90-day period. Because Plaintiff did not do so, and has not shown good cause for that failure, the claims in this case must be dismissed under La. Code Civ. P. art. 1672(c). Accordingly,

**IT IS ORDERED** that the Rule 12(b)(5) Motion to Dismiss for Failure to Effect Service,[28] filed by American Modern Home Insurance Company, is **GRANTED**. Plaintiff Kendall Plain's claims in this case are **DISMISSED WITHOUT PREJUDICE** for failure to timely serve Defendant with the state court Petition and citation.

**IT IS FURTHER ORDERED** that Motion to Withdraw as Counsel of Record,[29] filed by W. Brett Cain, Matthew M. Mize, Rajan Pandit, John Mark Fezio, Peter Newton Freiberg and Scott D. Peebles, attorneys of record for Plaintiff Kendall Plain, **is DENIED AS MOOT**, in light of the Ruling and Order dismissing Plaintiff's claims in this case. The Rule 12(b)(5) Motion to Dismiss for Failure to Effect Service, was timely opposed and fully briefed well before the Motion to

---

[28] R. Doc. 9.
[29] R. Doc. 15.

Withdraw was filed. **Plaintiff's counsel** shall provide Plaintiff with a copy of this Ruling and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **CLOSE** this case.

Signed in Baton Rouge, Louisiana, on February 7, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**